IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 1:06-MJ-00192 |
| | ) | |
| Plaintiff, | ) | ORDER ON GOVERNMENT'S |
| | ) | REQUEST REGARDING THE |
| | ) | TERM OF PROBATION |
| v. | ) | |
| | ) | |
| DAVID M. STILLWELL, | ) | HON. LAWRENCE J. O'NEILL |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

The United States, by and through its undersigned attorneys of record McGREGOR W. SCOTT, United States Attorney for the Eastern District of California, and MARK J. McKEON, Assistant United States Attorney, has moved that defendant's probation imposed at sentencing remain intact for the stated term. The motion has as its premise an incorrect fact concerning the sentencing, and as a result, the motion should be, as will be denied.

FACTS

The defendant, David Stillwell, was employed by Taft Correctional Institute as a vocational teacher on or about November 4, 2004. Between approximately November 2005 and February 2006, the defendant provided inmates of Taft Correctional Institution with prohibited items, such as food, tattoo ink, and cellular phones. The food items were given directly to the

1

inmate.  The tattoo ink and cellular phones were left in a prearranged location in the prison library where they were picked up by the inmate.

On August 3, 2006, David Stillwell, was charged by information with providing contraband in prison, in violation of Title 18, United States Code, Section 1791(a)(1). On September 22, 2006, the defendant entered a plea of guilty and was sentenced to 2 years of court probation, 125 hours community service, $240 fine, and a $10 special assessment. In order to monitor the defendant's progress on probation a probation status conference was scheduled for March 9, 2007, some 6 months post sentencing.

The defendant has now requested that the court terminate his probation due to payment of his fine and completion of his community service requirement.  The Government now objects to termination of the two year term of probation.

It is the government's position that due to the type of offense involved, the term of probation "should remain as imposed."

The term of probation will indeed remain as imposed, the imposition given on the record, and without objection by the government.  Specifically, the Court stated that once the fine was paid, the Community Service was completed and the penalty assessment was satisfied, the Court would terminate "Court probation."  It is this Court's understanding that the defendant has complied and thereby has upheld his end of the sentencing.

In all fairness, it is noted that the representation of the U.S. Attorney's office at the sentencing was not the same person who now brings this motion. It is also unlikely that the latter

2

1  has had the opportunity to listen to the audio recording of the
2  sentencing before filing the instant motion.
3       In sum, the obligation given to the defendant at sentencing
4  has been met, the instant motion is denied, and the defendant's
5  court probation terminates on March 9, 2007, the date set for the
6  status hearing.
7  IT IS SO ORDERED.
8  **Dated:   January 11, 2007**            /s/ Lawrence J. O'Neill
   b9ed48                                   UNITED STATES MAGISTRATE JUDGE

3